IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL ALBERTO MARTINEZ,       )( | |
| Petitioner-Defendant           )( | |
| v.                             )( | CA B-01-199 |
| UNITED STATES OF AMERICA       )( | (CR B-98-394-01) |
| Respondent-Plaintiff           )( | |
| )( | |
| _____    )( | |

### RESPONSE TO "GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL" WITH REQUEST FOR HEARING

COMES NOW, Manuel Alberto Martinez (hereinafter Petitioner) by and through the undersigned attorney, and very respectfully states and prays that Petitioner has filed a 2255 claim, based on inefficient representation by counsel during the appellate process.

### BACKGROUND

On June 24, 1999, Petitioner pled guilty to Counts II (mail fraud), V (theft from organizations receiving federal funds) and VII (money laundering). Petitioner waived his right to appeal, unless based on an illegal sentence, pursuant to Title 18, United States Code, Section 3742(a), or on an allegation of ineffective assistance of counsel or prosecutorial misconduct. On January 13, 2000, Petitioner was sentenced to fifty-seven (57) months of imprisonment, as to each count, concurrent to each other, three (3) years supervised released and restitution was also imposed. The remaining counts of the seven-count indictment were dismissed after sentencing. On appeal of three issues, the Appellate Court found that Petitioner had waived appeal of the restitution imposed, but the Court did address the issues challenging the two-level enhancement for obstruction

<u>Manuel Albert Martinez v. United States</u>                    CA B-01-199
Response to "Government's Answer and Motion for              Cr. B-98-394-01
Dismissal" with Request for Hearing
page 2

of justice and the application of the money laundering sentencing guideline. On April 27, 2001, the Appellate Court affirmed the two sentencing factors appealed.

On November 28, 2001, Petitioner requested appointment of counsel, due to denial of his Sixth Amendment right to effective assistance of counsel. Counsel was appointed, as the request was viewed as a motion pursuant to Title 28, <u>United States Code</u>, Section 2255. Previous appointed counsel withdrew and the undersigned was appointed on March 14, 2002. In April of 2002, the District Clerk's Office, without the knowledge of undersigned counsel, mailed a 2255 form to Petitioner. He mailed it back on May 22, 2002 and as of May 28, 2002, it was still not recorded in the Court's file.

On May 1, 2002, Petitioner was transferred to a halfway-house in Brownsville, Texas, but he was not accepted as, the halfway house was unprepared to meet his handicap needs; as Petitioner is in a wheelchair. He is presently under house arrest until July 29, 2002.

## DISCUSSION

<u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65 (1984) is the leading case, which sets the standard for proving ineffective assistance of counsel. It provides a two-tier test: (1) that the legal representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that the results of the proceedings would have been different without the attorney's errors. See also, <u>United States v. Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000); <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).

Manuel Albert Martinez v. United States                                    CA B-01-199
Response to "Government's Answer and Motion for                            Cr. B-98-394-01
Dismissal" with Request for Hearing
page 3

Petitioner understands that the instant case is one which meets the two-tier test of Strickland. Petitioner previously filed motions, before the magistrate as well as the judge in the criminal case, to remove appellate counsel from representing him on appeal, but to no avail. On each occasion, his request was denied. It should be noted that the appellate court reprimanded appellate counsel, as well, for failing to file a reply brief on the waiver of appeal issue. Petitioner provided appellate counsel ample documentation on the issues he wished to appeal, but she failed to present same. Specifically, it was brought to appellate counsel's attention that only through the Freedom of Information Act (FOIA), the undersigned obtained the neurological report by Doctor Guillermo Suarez. Dr. Suarez concluded that Petitioner did have a psychiatric disorder and that he was not malingering. See attachments "A-1" – "A- 5 (sealed). " Petitioner received said report in October of 1999, four (4) months after he had pled guilty. Trial counsel could have and should have used the doctor's diagnosis to inform the Court of Petitioner's mental confusion and psychiatric disorder to argue diminished capacity during his sentencing hearing. (United States Sentencing Guidelines, Section 5K2.13).[1] Petitioner had not been provided said report although the examination had been conducted in February of 1999. It is evident

---

[1] A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of of the defendant's offense indicate a need to protect the public because the offense involved actual violence or serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the offense.

<u>Manuel Albert Martinez v. United States</u>  CA B-01-199
Response to "Government's Answer and Motion for  Cr. B-98-394-01
Dismissal" with Request for Hearing
page 4

from the report that Petitioner was disoriented and confused.[2] Today he suffers from Parkinsons disease, is confined to a wheelchair and consumes several medications daily. Although informed of the circumstances of the receipt of the medical report and its contents, appellate counsel failed to raise an issue on appeal concerning delay in receipt of the report and trial counsel failed to address the diminished capacity issue. Failure to present the diminished capacity issue before the district court and then before the appellate court falls below the objective standard of reasonableness, and but for trial attorney's and appellate counsel's failure to do so, Petitioner's sentence could have received a lower sentence.

Appellate counsel was also informed that Petitioner felt coerced to enter into the plea agreement because the AUSA in charge of the case, threatened to prosecute Petitioner's family members if he did not plead. See attachment B-1, bottom of page (sealed). No further members of Petitioners family were charged after his plea and sentence.

Appellate counsel was also informed of the impossibility of restitution of nine hundred fifty-three thousand, three hundred and twenty-two dollars and seven cents ($953,322.07) consisting of thirty-five (35) monthly payments in the amount of $27,237.78, to commence upon release. (docket entry 82, Cr. B-98-394-01) It is an

---

[2] In December of 1998, Petitioner was committed to the custody of the Attorney General, for hospitalization, for a period not to exceed four months to determine future probability of the Petitioner being able to attain capacity to proceed with trial. (docket entry 50, Cr. B-98-394-01. On May 13, 1999, the announcement was made that Petitioner had been recently declared competent to stand trial. On June 24, 1999, the Court found, at a competency hearing, that Petitioner had attained competency, could

<u>Manuel Albert Martinez v. United States</u>  CA B-01-199
Response to "Government's Answer and Motion for  Cr. B-98-394-01
Dismissal" with Request for Hearing
page 5

impossibility, considering Petitioners continuously deteriorating health. Neither trial counsel nor appellate counsel ever argued that the Sentencing Judge had an alternative, at her discretion, as per U.S.S.G. Section 5E1.1(e) and (f):

> A restitution order may direct the defendant to make a single, lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments. <u>See</u> 18 U.S.C. Section 3644 (f)(3)(A). An in-kind payment may be in the form of (1) return of property; (2) replacement of property; or (3) if the victim agrees, services rendered to the victim or to a person or organization other than the victim. <u>See</u> 18 U.S.C. Section 3644(f)(4).
>
> **A restitution order may direct the defendant to make nominal periodic payments if the court finds from the facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.** (emphasis added)

Lastly, despite Petitioner's request for appellate counsel to file a petition for rehearing, <u>en banc</u>, none was filed and the time to do so expired. See Attachments C-1 through C-6 (sealed).

## CONCLUSION

Petitioner contends that the preceding does meet the two-tier test of <u>Strickland</u> and that this Court should find that there was inefficient legal representation at the district level and the appellate level and that the sentence should be set aside, vacated or corrected. Petitioner requests a hearing on the issues herein presented. As stated previously, the in-house arrest period expires on July 27, 2002.

---

understand the nature of the proceedings and did not suffer from a mental illness. A plea agreement was entered into on June 24, 1999. (docket entries 58, 63 and 65, Cr. B-98-394-01.)

<u>Manuel Albert Martinez v. United States</u>　　　　　　　　　　　CA B-01-199
Response to "Government's Answer and Motion for　　　　　　Cr. B-98-394-01
Dismissal" with Request for Hearing
Page 6

WHEREFORE, it is respectfully requested that a hearing be set as soon as possible, while this Honorable Court has jurisdiction and upon hearing, find that there was ineffective legal representation and that the sentence should be set aside, vacated or corrected.

Respectfully submitted,

Jeanette Mercado – 5811
Attorney for Petitioner
P.O. Box 532541
Harlingen, Texas 78553
(956) 245-6565
Texas Bar No. 13942900

## CERTIFICATION

I, Manuel Albert Martinez, hereby certify and state that I agree with the preceding motion filed by attorney Mercado and that I have provided the information therein contained. I agree that same should be included in this motion.

_____
Manuel Albert Martinez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the preceding "Response to Government's Answer and Motion for Dismissal" with Request for Hearing "Motion Requesting Extension of Time" has been served by placing same in United States mail, postage prepaid, on today's date, May 20, 2002, addressed to AUSA Jeffery A. Babcock, United States Attorney's Office, P.O. Box 61129, Houston, Texas 77208-1129.

Jeanette Mercado
Attorney for Petitioner Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ,<br>Petitioner-Defendant<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent-Plaintiff<br><br>_____ | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( | CA B-01-199<br>(CR B-98-394-01) |

**O R D E R**

On _____, 2002, came on to be considered Petitioner Martinez' "Response to "Government's Answer and Motion for Dismissal' With Request for Hearing" in the above styled and numbered cause.

A hearing on said motion is hereby scheduled for _____ 2002.

SO ORDERED, this ___ day of _____ 2002 at Brownsville, Texas.


                                   _____
                                   JUDGE PRESIDING