United States District Court
Southern District of Texas
ENTERED

JUL 23 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-199 CRIMINAL NO. B-98-394 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Manuel Alberto Martinez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's Application should be DENIED.

## BACKGROUND

Petitioner Martinez was charged in a six-count indictment on July 7, 1998, in the Brownsville Division of the Southern District of Texas.[1] The indictment was superseded on July 21, 1998, which resulted in a seven-count indictment. Martinez was charged with mail fraud, committed on July 25, 1993 (count one), January 25, 1995 (count two), and June 25, 1996 (count three) in violation of 18 U.S.C. § 1341; theft from organizations receiving federal funds, committed between January 1, 1994, and January 1, 1995 (count four); January 1, 1996, and December 16, 1996 (count five); and January 1, 1995, through December 31, 1995 (count six), in

---

[1] United States v. Manuel Martinez, Criminal Number B-98-394.

1

violation of 18 U.S.C. § 666(a)(1)(A)(b); and money laundering, committed April 4, 1996, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count seven).[2]

Martinez hired attorneys John J. Ritenour, Jr. and Marina Thais Douenat on July 29, 1998. On December 3, 1998, Martinez was found mentally incompetent to stand trial following two medical evaluations and an evidentiary hearing. Petitioner was ordered hospitalized for treatment. Following treatment, on May 13, 1999, Martinez was declared competent to stand trial by government medical personnel. Meanwhile, on February 5, 1999, attorneys Ritenour and Douenat moved to withdraw from representing Martinez. The motion was denied.

A hearing was held on Martinez's competency on June 24, 1999. The court agreed with the medical report, and declared Martinez competent to stand trial. On the same day, Martinez, with the assistance of attorney Ritenour, entered a plea of guilty to counts two, five, and seven in conformance with a written plea agreement with the government. In exchange for his plea of guilty to those three counts, the government agreed to dismiss the remaining counts of the superseding indictment; recommended a three-level downward adjustment for timely acceptance of responsibility; and recommended that Martinez be incarcerated in the appropriate federal medical facility. Martinez agreed to plead guilty to the three counts, and consented to waive appeal if the sentence imposed was within the guideline range determined by the court (with the exceptions of an illegal sentence being imposed, ineffective assistance of counsel, or prosecutorial misconduct).

---

[2] A detailed factual summary of the events leading to Martinez's arrest and conviction can be found in the case of United States v. Martinez, 263 F.3d 436, 437 (5th Cir. 2001).

Martinez entered his guilty plea and executed the written plea agreement under oath. He advised the court he read the plea agreement with his attorney and attested that "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it." The court accepted Martinez's guilty plea, noting the plea was informed, knowing, and voluntary.

In the revised PSR, the probation department grouped the three counts of conviction together under USSG §§ 3D1.2(d) and 3D1.3(a). Applying § 2S1.1 (the money laundering guideline), the base offense level was determined to be 20. A four-level upward adjustment, as a specific offense characteristic, was recommended based upon the loss that was less than $1 million, but more than $600,000 under USSG § 2S1.1(b)(2)(E). The department further recommended a two-level upward adjustment for abuse of trust, under § 3B1.3, and a two-level adjustment for obstruction of justice under § 3C1.1, for an adjusted offense score of level 28. The department further recommended a three-level reduction for timely acceptance of responsibility under § 3E1.1 (a, b(2)), resulting in a total offense score of 25. Martinez scored in Criminal History Category I, which bore a punishment range of 57 to 71 months.

Martinez filed written objections to the PSR, including challenges to the application of USSG § 2S1.1 to the facts of the case. He also filed objections to the amount of loss attributable to him, and to the obstruction of justice enhancement. The probation department responded to those objections in a revised PSR and an addendum to the PSR. Martinez filed a sentencing memorandum on November 1, 1999, in support of his objections. On November 5, 1999, the sentencing hearing commenced with Martinez represented by attorney Ritenour. In light of the absence of any evidence to rebut the findings set forth in the PSR, the court overruled the bulk of

Martinez's objections, reserving only the issues of obstruction of justice, abuse of trust and the appropriate base offense level guideline application. The court then entertained live testimony from several government witnesses, including the author of the PSR, revised PSR and addendum to the PSR.

At the conclusion of the November 5, 1999, sentencing proceeding, the district court heard arguments from the parties. The court sustained the objection to the abuse of trust position, but overruled the objection to the obstruction of justice claim. The district court reserved ruling on the base offense level complaint.

At a final sentencing proceeding held on January 13, 2000, the court overruled an objection to the application of USSG § 2S1.1. The PSR was adopted in all other material respects, resulting in a total offense score of 23, which, when coupled with Criminal History Category I, bore a punishment range of 46 to 57 months. The district court then sentenced Martinez within the applicable guideline range to concurrent 57-month terms of imprisonment. He was ordered to pay $300 in special costs, and $953,322.07 in restitution in 35 equal monthly installments. He was further ordered to serve concurrent three-year supervised release terms.

On January 20, 2000, Martinez moved for appointed counsel. Attorneys Ritenour and Douenat moved to withdraw from Martinez's case on January 24, 2000. The district court granted the motion to withdraw in an order entered February 7, 2000. On the same day, Magistrate Judge Felix Recio appointed Leticia Barguiarena to represent Martinez on appeal. On May 19, 2000, attorney Barguiarena moved to withdraw as attorney. The motion was denied on May 24, 2000.

Attorney Barguiarena pursued an appeal on Martinez's behalf. Three issues were raised in the appeal: one issue concerning the application of USSG § 2S1.1 (the money laundering guideline) to the facts of the case; a challenge to the two-level upward enhancement for obstruction of justice under USSG § 3C1.1; and an attack on the amount of loss attributable to Martinez.[3] The government moved to dismiss the appeal based on the written waiver Martinez executed at rearraignment. However, the government also addressed the substance of the arguments raised on direct appeal. The case was heard on the oral argument calendar for the Fifth Circuit on June 4, 2001.

In a published opinion delivered August 27, 2001, the Fifth Circuit agreed that Martinez waived his appellate complaints in the lower court; however, the court also found that two complaints were not waived. The court observed that attorney Barguiarena did not file a reply brief addressing the government's waive argument, and described that omission as a "gross failure." However, the court reviewed the issues presented. The Court found that Martinez waived his complaint concerning the amount of loss attributable to him by the probation department, and addressed the substance of the remaining issues. The appeal was dismissed in part and the lower court's ruling was affirmed in part.

The mandate issued on September 18, 2001. On November 28, 2001, Martinez moved for appointment of counsel. The Magistrate Judge construed the motion as a post-conviction pleading filed pursuant to 28 U.S.C. § 2255. The government was then ordered to respond by February 25, 2002. An evidentiary hearing was held in this case on June 20, 2002.

---

[3] See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

## JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2255. Martinez is currently incarcerated on "house arrest" at his residence. He seeks federal habeas corpus relief from his conviction in the Brownsville Division of the Southern District of Texas.

## ALLEGATIONS

Petitioner Martinez raises the following claims in support of his petition for relief:

1) Appellate counsel should have alleged that Martinez was entitled to a downward departure on the basis of "diminished capacity" and that trial counsel provided "ineffective assistance" for failing to move for downward departure at sentencing as evidenced by Dr. Guillermo Suarez's neurological report;

2) Appellate counsel should have alleged that Martinez's plea was involuntary as it was the result of the trial level Assistant United States Attorney threatening to prosecute Martinez's family members unless Martinez pleaded guilty;

3) Appellate counsel should have alleged that the district court's order of restitution placed "impossible" demands upon Martinez, that an alternative order of a lesser amount should have been argued to the Fifth Circuit, and further that trial counsel was ineffective in failing to argue for a lesser amount of restitution at sentencing;

4) Appellate counsel was generally ineffective in failing to address certain issues before the Fifth Circuit and was also ineffective for failing to move for a rehearing *en banc* after the Fifth Circuit panel had denied the Petitioner relief on direct appeal.

## ANALYSIS

### *Ineffective Assistance of Counsel*

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[4]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[5] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[6] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[7] It

---

[4] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[5] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

[6] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

[7] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d

is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[8] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[9] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[10] A criminal defense counsel is not required to exercise

---

585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994), cert. denied, 513 U.S. 960 (1994).

[8] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[9] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[10] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections");

clairvoyance during the course of a criminal trial.[11] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[12]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[13] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[14] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[15] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[16] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally

---

Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[11] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[12] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[13] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[14] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[15] Id.

[16] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

9

unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[17]

Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[18] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[19] The extent of an attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[20]

Due to the fact that a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[21] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the

---

[17] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[18] See, e.g., Martin v. McCotter, 796 F.2d 813, 816-17 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and Nealy v. Cabana, 764 F.2d 1173, 1178-80 (5th Cir. 1985).

[19] See Moore v. Johnson, 194 F.3d 586, 608 & 616 (5th Cir. 1999); and Bryant v. Scott, 28 F.3d at 1435.

[20] See Carter v. Johnson, 131 F.3d at 463; and Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995), cert. denied, 515 U.S. 1108 (1995) (ruling that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. Ransom v. Johnson, 126 F.3d at 723.

[21] See Strickland v. Washington, 466 U.S. at 700; Ransom v. Johnson, 126 F.3d at 721; Green v. Johnson, 116 F.3d at 1122; United States v. Seyfert, 67 F.3d 544, 547 (5th Cir. 1995); and Armstead v. Scott, 37 F.3d at 210. See also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on <u>both</u> prongs of the *Strickland* test).

issue of prejudice.[22] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[23] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[24]

### *Issues #1, 3, and 4*

Petitioner claims that his trial counsel should have moved for a downward departure at sentencing based on Martinez's "diminished capacity." It appears that Martinez demonstrated a high level of continued deception and a desire to avoid responsibility or punishment for his crime. Although he was initially found to be incompetent to stand trial, he was later found to be feigning those symptoms. The record does not provide an indication, other than Martinez's feigned performances, that he was eligible for a downward departure for "diminished capacity." Martinez also claims that his trial counsel was ineffective because he did not move for a lesser amount of restitution at sentencing. This claim does not raise to a level which would merit relief on federal habeas corpus. At the very least, it appears from the record that Martinez's trial counsel provided him "reasonably effective assistance."[25]

---

[22] See United States v. Hoskins, 910 F.2d 309, 311 (5th Cir. 1990); and Thomas v. Lynaugh, 812 F.2d 225, 229-30 (5th Cir. 1987), cert. denied, 484 U.S. 842 (1987).

[23] See Black v. Collins, 962 F.2d at 401; Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986), cert. denied, 482 U.S. 916 (1987); and Martin v. McCotter, 796 F.2d 813, 821 (5th Cir. 1986), cert. denied, 479 U.S. 1057 (1987).

[24] See Kinnamon v. Scott, 40 F.3d 731, 735 (5th Cir. 1994), cert. denied, 513 U.S. 1054 (1994); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990); Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991); United States v. Woods, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and Ross v. Estelle, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

[25] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

All of the other claims that Martinez makes are related to alleged ineffectiveness on the part of his appellate counsel. The two-part *Strickland* test also applies to the performance of counsel on appeal.[26] Where a defendant is either actually or constructively denied the assistance of counsel on appeal, however, prejudice is presumed.[27] While it is true that actual or constructive denial of counsel on appeal results in a presumption of "prejudice," as that term is defined under the *Strickland* test, a claim of merely ineffective assistance by appellate counsel still requires the petitioner to satisfy the prejudice prong of that test.[28] Where a defendant's appellate counsel presented, briefed, and argued, albeit unsuccessfully, one or more non-

---

[26] See United States v. Phillips, 210 F.3d 345, 348-50 (5th Cir. 2000); Andrews v. Collins, 21 F.3d at 625; Sharp v. Puckett, 930 F.2d 450, 451 (5th Cir. 1991); Lofton v. Whitney, 905 F.2d 885, 887-88 (5th Cir. 1990); and McCoy v. Lynaugh, 874 F.2d 954, 962-63 (5th Cir. 1989).

[27] See Penson v. Ohio, 488 U.S. 75, 86-89, 109 S.Ct. 346, 352-54, 102 L.Ed.2d 300 (1988), (holding that the prejudice prong of the *Strickland* test does not apply in cases where appellate counsel withdraws without filing the brief suggested in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967)); Hughes v. Booker, 220 F.3d 346, 349 (5th Cir. 2000); White v. Johnson, 180 F.3d 648, 650 (5th Cir. 1999) (ruling that a defendant denied his right to appeal by virtue of his counsel's failure to advise him of his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal need not show prejudice); Jackson v. Johnson, 150 F.3d 520, 524-25 (5th Cir. 1998), cert. denied, 526 U.S. 1041 (1999) (revealing that a constructive denial of counsel on appeal occurs only where counsel's ineffectiveness is so egregious as to effectively deny the defendant any meaningful assistance at all); McDonald v. Johnson, 139 F.3d 1056, 1058 n.1 (5th Cir. 1998) (recognizing that if petitioner can prove his counsel's ineffective assistance denied him the right to appeal, then he need not establish that he had some chance of success on appeal); Salazar v. Johnson, 96 F.3d 789, 791 (5th Cir. 1996) (holding that when counsel's errors result in an actual or constructive denial of the assistance of counsel on appeal altogether, as when counsel's errors deny the defendant his right to appeal, the defendant need not prove prejudice under *Strickland*); United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996) (ruling the same); United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (expressing the opinion that a complete denial of counsel on appeal, whether actual or constructive, creates presumption of prejudice); and Moss v. Collins, 963 F.2d 44, 47 (5th Cir. 1992), cert. denied, 506 U.S. 1055 (1993) (revealing that actual or constructive denial of counsel on appeal is legally presumed to result in prejudice).

[28] See Hughes v. Booker, 220 F.3d at 349 (holding that a petitioner who argues that counsel failed to assert or fully brief a particular claim must show that his attorney's performance was both deficient and prejudicial); Jackson v. Johnson, 150 F.3d at 525; Moss v. Collins, 963 F.2d at 48; and Lofton v. Whitley, 905 F.2d at 887.

frivolous grounds for relief on appeal, the defendant was neither actually nor constructively denied assistance of counsel on direct appeal.[29] For that reason, where a defendant's appellate counsel presented non-frivolous points of error on appeal or did not seek to withdraw from representation without filing an adequate *Anders* brief, a defendant must satisfy both prongs of the *Strickland* test in connection with his claims of ineffective assistance by his appellate counsel.[30]

In the context of evaluating the prejudice prong of *Strickland* as applied to a claim of ineffective assistance on appeal, the fairness and reliability of the appeal are necessarily functions of the fairness and reliability of the trial.[31] Satisfying the prejudice prong of *Strickland* in the connection with a claim of ineffective assistance by appellate counsel requires more than a mere complaint about deficiencies in an appellate brief.[32] Appellate counsel are not required to present

---

[29] See Jackson v. Johnson, 150 F.3d at 525; Moss v. Collins, 963 F.2d at 48; and Lofton v. Whitley, 905 F.2d at 887.

[30] See Hughes v. Booker, 220 F.3d at 349; United States v. Phillips, 210 F.3d at 348-50; Jackson v. Johnson, 150 F.3d at 525; Moss v. Collins, 963 F.2d at 48; and Lofton v. Whitley, 905 F.2d at 887; Lockhart v. McCotter, 782 F.2d 1275, 1283 (5th Cir. 1986), cert. denied, 479 U.S. 1030 (1987); and Hamilton v. McCotter, 772 F.2d 171, 181-82 (5th Cir. 1985).

[31] See Mayabb v. Johnson, 168 F.3d at 869 (holding that when the court finds no prejudice arising from trial counsel's failure to raise or argue a point, by extension, there cannot be any prejudice from appellate counsel's alleged error predicated on the same issue); Jackson v. Johnson, 150 F.3d at 525-26 (ruling that the focus on mere outcome determination at the appellate level is defective and that the presence or absence of prejudice hinges on the fairness of the trial and the reliability of the judgment of conviction resulting therefrom); Goodwin v. Johnson, 132 F.3d at 174 (ruling that complaints about an appellate counsel's failure to raise certain points of error on appeal did not satisfy the prejudice prong of *Strickland* where the alleged trial court errors that formed the bases for those points of error had rendered neither the trial fundamentally unfair nor the conviction or sentence unreliable); and Ricalday v. Procunier, 736 F.2d 203, 208 (5th Cir. 1984).

[32] See Moawad v. Anderson, 143 F.3d 942, 946-47 (5th Cir. 1998), cert. denied, 525 U.S. 952 (1998) (holding that a claim of ineffective assistance on appeal fails if the claim arose from an alleged error at trial that did not itself prejudice the defendant); Goodwin v. Johnson, 132 F.3d at 162; and Ricaldy v. Procunier, 736 F.2d 203, 206 (5th Cir. 1984).

patently frivolous arguments on appeal, or even to present all non-frivolous points that could have been raised.[33] "The Constitution does not require appellate counsel to raise every non-frivolous ground that might be pressed on appeal."[34] Appellate counsel is not ineffective solely because of failure to present every ground urged by the defendant.[35] To prevail on a claim of ineffective assistance by appellate counsel, a petitioner must identify with specificity all grounds for relief that he claims should have been included in his appellate brief.[36]

Given the fact that the Fifth Circuit has ruled that appellate counsel need not raise all non-frivolous issues on appeal, Martinez's claim regarding his appellate counsel's choice to not raise the "diminished capacity" issue on appeal must fail. As stated previously, the record, aside from Martinez's feigned attempts, does not demonstrate that Martinez was eligible for a downward departure. For the same reason, Martinez's claim that he was sentenced to pay too much in the

---

[33] See United States v. Phillips, 210 F.3d at 348 (remarking that while appellate counsel is not required to raise every non-frivolous issue, solid meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); Williams v. Collins, 16 F.3d 626, 635 (5th Cir. 1994), cert. denied, 512 U.S. 1289 (1994) (holding that a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of Strickland where all of the omitted grounds for relief on appeal raised by the petitioner were without merit); Cantu v. Collins, 967 F.2d 1006, 1017 (5th Cir. 1992), cert. denied, 509 U.S. 926 (1993) (ruling that appellate counsel's failure to present on direct appeal from the state court's judgment certain arguments found by the federal court to be meritless did not prejudice the defendant); and Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991), and Wicker v. McCotter, 783 F.2d 487, 497 (5th Cir. 1986), cert. denied, 478 U.S. 1010 (1986) (both holding that appellate counsel need not present every possible point of error on appeal).

[34] Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989), cert. denied, 493 U.S. 970 (1989).

[35] See Ellis v. Lynaugh, 873 F.2d at 840; Wicker v. McCotter, 783 F.2d at 487; and Hamilton v. McCotter, 772 F.2d at 182.

[36] See Russell v. Lynaugh, 892 F.2d 1205, 1213 (5th Cir. 1989), cert. denied, 501 U.S. 1259 (1991) (ruling that generalized complaints about the quality of an appellate brief do not satisfy the prejudice prong of the *Strickland* test); and Hamilton v. McCotter, 772 F.2d at 182.

way of restitution, and that counsel should have raised this point on appeal, also must fail. The district court was within its discretion to order the Petitioner to pay restitution in this case. Petitioner also argues that his appellate counsel should have moved for a rehearing *en banc* after the Fifth Circuit panel denied his appeal. However, this claim does not even rise to a constitutional level, and relief on habeas corpus can not be granted on that issue. Petitioner can not even conquer the "cause" prong of the *Strickland* test on these issues, therefore, they all should be denied.

### *Issue #2*

Petitioner Martinez claims that his counsel was ineffective for failing to raise on appeal that his plea was involuntary because of prosecutorial misconduct on the part of the Assistant United States Attorney. Specifically, Martinez claims that the government threatened to prosecute his family if he did not plead guilty. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[37] To be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence."[38]

During the plea proceedings, Martinez swore that no one had exerted any force of pressure on him to plead guilty. The record, thus, demonstrates that Martinez entered his plea voluntarily. Martinez's trial counsel also has given a sworn affidavit stating that no government official threatened Martinez in order for him to plead guilty. Therefore, the fact that appellate counsel did not raise this claim on direct appeal is of no consequence. Martinez's claim does not entitle him to 28 U.S.C. § 2255 relief.

---

[37] See Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).

[38] See Boykin v. Alabama, 395 U.S. 238, 244 (1969).

## RECOMMENDATION

For the reasons stated above, Manuel Alberto Martinez's 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[39]

DONE at Brownsville, Texas, this 23rd day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[39] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).