United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ, | )( | |
| Petitioner-Defendant | )( | |
| v. | )( | CA B-01-199 |
| UNITED STATES OF AMERICA | )( | (CR B-98-394-01) |
| Respondent-Plaintiff | )( | |
| | )( | |
| _____ | )( | |

## OBJECTIONS TO MAGISTRATE JUDGE"S
## REPORT and RECOMMENDATION

TO THE HONROABLE JUDGE OF SAID COURT:

COMES NOW, Manuel Alberto Martinez (hereinafter Petitioner) by and through the undersigned attorney, and very respectfully objects to the "Magistrate Judge's Report and Recommendation," of July 23, 2002, denying Petitioner's Application to Vacate, Set Aside or Correct the Sentence, pursuant to Title 28 United States Code Section 2255. Petitioner's objections are as follows:

1. The issue of restitution is resolved in the Magistrate Judge's Report and Recommendation in the following manner:

> Martinez also claims that his trial counsel was ineffective because he did not move for a lesser amount of restitution at sentencing. This claim does not rise to a level which would merit relief on federal habeas corpus. At the very least, it appears from the record that Martinez' trial counsel provided him 'reasonably effective assistance.' p. 11

It is the contention of Petitioner that appellate counsel had an obligation to pursue the issue of the impossibility of restitution; at the very least, the specific onerous payment plan ordered at the time of sentencing. Petitioner was ordered to pay a restitution amount of nine hundred and fifty-three thousand, three hundred and twenty-two dollars and

<u>Manuel Albert Martinez v. United States</u>  CA B-01-199
Objection to Magistrate Judge's Report and Recommendation  Cr. B-98-394-01
page 2

seven cents ($953,322.07), consisting of thirty (35) monthly payments, in the amount of twenty-seven thousand, two hundred and thirty seven dollars and seventy-eight cents ($27,237.78), to commence upon the release date (July 29, 2002). The alternative sentencing as per USSG, Section 5E1.1(e) and (f) was not argued.

Petitioner is aware that the Fifth Circuit has upheld imposition of restitution, even where one has a negative net worth. <u>United States v. Schinnel</u>, 80 F.3d 1064, 1071 (5th Cir. 1996) (defendant had a negative net worth close to one million dollars and a negative monthly flow of two hundred and one dollars, but the court "...made concessions to the defendant's financial situation in tailoring the order of restitution.")

The Fifth Circuit has previously ruled that it will reverse a restitution order if it is probable that the district court failed to consider one of the mandatory factors and the failure to consider the factor influenced the court. The standard is abuse of discretion. <u>United States v. Calbat</u>, 266 F.3d 358 (5th Cir. 2001). The mandatory factors are the financial resources and other assets of the defendant; projected earnings and other income of the defendant, including obligations to dependants. 18 USC Section 3664(f)(2). <u>Id</u>. at 366. These sentencing factors were included in Petitioner's sentencing memorandum, styled "Defendant's Sentencing Memorandum and Response to Addendum to the PreSentence Report," filed on November 1, 1999 (pages 24-27).

Today, Petitioner begins his supervised release term, conditioned upon a payment schedule which is not only onerous, but impossible to keep. Petitioner, father of three

Manuel Albert Martinez v. United States  CA B-01-199
Objections to Magistrate Judge's Report and Recommendation  Cr. B-98-394-01

page 3

minor children, is in deteriorating health and wheelchair bound. This issue should have been pursued at the appellate level and does not represent a frivolous issue.

2. As to the issues of diminished capacity, coercion and rehearing en banc; same are re-urged, and incorporated by reference, as presented in Petitioner's "Response to "Government's Answer and Motion for Dismissal..."" and the hearing of June 20, 2002.

WHEREFORE, it is respectfully requested that this Honorable Court find that there was ineffective legal representation and that the sentence should be set aside, vacated or corrected.

Respectfully submitted,

Jeanette Mercado – 5811
Attorney for Petitioner
P.O. Box 532541
Harlingen, Texas 78553
(956) 245-6565
Texas Bar No. 13942900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the preceding "Objections to Magistrate Judge's Report and Recommendation" has been served by delivering same to AUSA Mark Dowd, on today's date, July 30, 2002 at 600 East Harrsion, 2nd Floor, Brownsville, Texas.

Jeanette Mercado
Attorney for Petitioner Martinez