United States District Court
Southern District of Texas
ENTERED

NOV 0 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-199<br>CRIMINAL NO. B-98-394 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Manuel Alberto Martinez has filed a "Motion Requesting Certificate of Appealability" (Doc. # 27). For the reasons set out below, Petitioner's Application should be DENIED.

## BACKGROUND

Petitioner Martinez was charged in a six-count indictment on July 7, 1998, in the Brownsville Division of the Southern District of Texas.[1] The indictment was superseded on July 21, 1998, which resulted in a seven-count indictment. Martinez was charged with mail fraud, committed on July 25, 1993 (count one), January 25, 1995 (count two), and June 25, 1996 (count three) in violation of 18 U.S.C. § 1341; theft from organizations receiving federal funds, committed between January 1, 1994, and January 1, 1995 (count four); January 1, 1996, and December 16, 1996 (count five); and January 1, 1995, through December 31, 1995 (count six), in violation of 18 U.S.C. § 666(a)(1)(A)(b); and money laundering, committed April 4, 1996, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (count seven).[2]

---

[1] United States v. Manuel Martinez, Criminal Number B-98-394.

[2] A detailed factual summary of the events leading to Martinez's arrest and conviction can be found in the case of United States v. Martinez, 263 F.3d 436, 437 (5th Cir. 2001).

1

Martinez hired attorneys John J. Ritenour, Jr. and Marina Thais Douenat on July 29, 1998. On December 3, 1998, Martinez was found mentally incompetent to stand trial following two medical evaluations and an evidentiary hearing. Petitioner was ordered hospitalized for treatment. Following treatment, on May 13, 1999, Martinez was declared competent to stand trial by government medical personnel. Meanwhile, on February 5, 1999, attorneys Ritenour and Douenat moved to withdraw from representing Martinez. The motion was denied.

A hearing was held on Martinez's competency on June 24, 1999. The court agreed with the medical report, and declared Martinez competent to stand trial. On the same day, Martinez, with the assistance of attorney Ritenour, entered a plea of guilty to counts two, five, and seven in conformance with a written plea agreement with the government. In exchange for his plea of guilty to those three counts, the government agreed to dismiss the remaining counts of the superseding indictment; recommended a three-level downward adjustment for timely acceptance of responsibility; and recommended that Martinez be incarcerated in the appropriate federal medical facility. Martinez agreed to plead guilty to the three counts, and consented to waive appeal if the sentence imposed was within the guideline range determined by the court (with the exceptions of an illegal sentence being imposed, ineffective assistance of counsel, or prosecutorial misconduct).

Martinez entered his guilty plea and executed the written plea agreement under oath. He advised the court he read the plea agreement with his attorney and attested that "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it." The court accepted Martinez's guilty plea, noting the plea was informed, knowing, and voluntary.

In the revised PSR, the probation department grouped the three counts of conviction together under USSG §§ 3D1.2(d) and 3D1.3(a). Applying § 2S1.1 (the money laundering guideline), the base offense level was determined to be 20. A four-level upward adjustment, as a specific offense characteristic, was recommended based upon the loss that was less than $1 million, but more than $600,000 under USSG § 2S1.1(b)(2)(E). The department further recommended a two-level upward adjustment for abuse of trust, under § 3B1.3, and a two-level adjustment for obstruction of justice under § 3C1.1, for an adjusted offense score of level 28. The department further recommended a three-level reduction for timely acceptance of responsibility under § 3E1.1 (a, b(2)), resulting in a total offense score of 25. Martinez scored in Criminal History Category I, which bore a punishment range of 57 to 71 months.

Martinez filed written objections to the PSR, including challenges to the application of USSG § 2S1.1 to the facts of the case. He also filed objections to the amount of loss attributable to him, and to the obstruction of justice enhancement. The probation department responded to those objections in a revised PSR and an addendum to the PSR. Martinez filed a sentencing memorandum on November 1, 1999, in support of his objections. On November 5, 1999, the sentencing hearing commenced with Martinez represented by attorney Ritenour. In light of the absence of any evidence to rebut the findings set forth in the PSR, the court overruled the bulk of Martinez's objections, reserving only the issues of obstruction of justice, abuse of trust and the appropriate base offense level guideline application. The court then entertained live testimony from several government witnesses, including the author of the PSR, revised PSR and addendum to the PSR.

At the conclusion of the November 5, 1999, sentencing proceeding, the district court heard arguments from the parties. The court sustained the objection to the abuse of trust position, but overruled the objection to the obstruction of justice claim. The district court reserved ruling on the base offense level complaint.

At a final sentencing proceeding held on January 13, 2000, the court overruled an objection to the application of USSG § 2S1.1. The PSR was adopted in all other material respects, resulting in a total offense score of 23, which, when coupled with Criminal History Category I, bore a punishment range of 46 to 57 months. The district court then sentenced Martinez within the applicable guideline range to concurrent 57-month terms of imprisonment. He was ordered to pay $300 in special costs, and $953,322.07 in restitution in 35 equal monthly installments. He was further ordered to serve concurrent three-year supervised release terms.

On January 20, 2000, Martinez moved for appointed counsel. Attorneys Ritenour and Douenat moved to withdraw from Martinez's case on January 24, 2000. The district court granted the motion to withdraw in an order entered February 7, 2000. On the same day, Magistrate Judge Felix Recio appointed Leticia Barguiarena to represent Martinez on appeal. On May 19, 2000, attorney Barguiarena moved to withdraw as attorney. The motion was denied on May 24, 2000.

Attorney Barguiarena pursued an appeal on Martinez's behalf. Three issues were raised in the appeal: one issue concerning the application of USSG § 2S1.1 (the money laundering guideline) to the facts of the case; a challenge to the two-level upward enhancement for obstruction of justice under USSG § 3C1.1; and an attack on the amount of loss attributable to

4

Martinez.[3] The government moved to dismiss the appeal based on the written waiver Martinez executed at rearraignment. However, the government also addressed the substance of the arguments raised on direct appeal. The case was heard on the oral argument calendar for the Fifth Circuit on June 4, 2001.

In a published opinion delivered August 27, 2001, the Fifth Circuit agreed that Martinez waived his appellate complaints in the lower court; however, the court also found that two complaints were not waived. The court observed that attorney Barguiarena did not file a reply brief addressing the government's waive argument, and described that omission as a "gross failure." However, the court reviewed the issues presented. The Court found that Martinez waived his complaint concerning the amount of loss attributable to him by the probation department, and addressed the substance of the remaining issues. The appeal was dismissed in part and the lower court's ruling was affirmed in part.

The mandate issued on September 18, 2001. On November 28, 2001, Martinez moved for appointment of counsel. The Magistrate Judge construed the motion as a post-conviction pleading filed pursuant to 28 U.S.C. § 2255. The government was then ordered to respond by February 25, 2002. An evidentiary hearing was held in this case on June 20, 2002. Petitioner writ was denied by the district judge on August 2, 2002.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a

---

[3] See United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001).

prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[4] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[5] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[6] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[7] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[8]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[9] To make such a showing, the petitioner need not show that he should

---

[4] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[5] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[6] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[7] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[8] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[9] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d

prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[10] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[11]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[12] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[13]

Petitioner Martinez makes no valid claims that detail a denial of a constitutional right. Further, Petitioner Martinez can not show that the issues are debatable amongst reasonable

---

634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[10] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[11] Alexander v. Johnson, 211 F.3d at 898.

[12] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[13] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Therefore, these proceedings should not proceed and Petitioner Martinez' Application for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the reasons stated above, Manuel Alberto Martinez's Motion Requesting a Certificate of Appealability (Doc. # 27) should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

DONE at Brownsville, Texas, this 31st day of October, 2002.

Felix Recio
United States Magistrate Judge

---

[14] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-01-199 |
| | § | CRIMINAL NO. B-98-394 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Certificate of Appealability (Doc. # 27) is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

Hilda Tagle
United States District Judge