IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MANUEL ALBERTO MARTINEZ, )( | |
| Petitioner-Defendant )( | |
| v. )( | CA B-01-199 |
| UNITED STATES OF AMERICA )( | (CR B-98-394-01) |
| Respondent-Plaintiff )( | |
| )( | |
| _____ )( | |

**OBJECTIONS TO MAGISTRATE'S REPORT
AND RECOMMENDATION REGARDING
REQUEST FOR CERTIFICATE OF
APPEALABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Manuel Alberto Martinez, petitioner-defendant, by and through the undersigned attorney and very respectfully states and prays:

1. A certificate of appealability was requested on August 14, 2002, pertaining to the issue of ineffective assistance of counsel based on counsels' failure to present the arguments of diminished capacity, coercion, restitution and a request for rehearing en banc. See Strickland v. United States, 466 U.S. 668 (1984) and Article VI, United States Constitution.

2. On November 1, 2002 a Magistrate's Report and Recommendation was entered, denying the request for a Certificate of Appealability. As to counsels' failure to present the arguments of diminished capacity, coercion and a request for rehearing en banc, Mr. Martinez incorporates, by reference, his Response to Government's Answer... (May 30, 2002), evidence presented in the hearing of June 20, 2002,

<u>Manuel Alberto Martinez v. United States</u>　　　　　　　　　　　CA B-01-199
Objection to Magistrates Report and　　　　　　　　　　　　　　　CR B-98-394
Recommendation Regarding Request for
Certificate of Appealability
Page 2

　　　　Motion Objecting to Magistrate's Report and Recommendation (July 30, 2002) and the Request for Certificate of Appealabilty (August 14, 2002).

3. It is noted that the Report and Recommendation denying the Certificate of Appealablity does not address, in particular, the issue of restitution, other than to state that it was found by the Appellate Court to be waived. However, the 2255 motion not only speaks to the imposition of the restitution amount, but the payment schedule, as well. It is Mr. Martinez' contention that this issue is one which is "debatable among jurists of reason" and that a Certificate of Appealability should be authorized. <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

4. The order of restitution (imposition and payment schedule) is an integral part of Mr. Martinez' supervised release and is conditioned upon an impossible, excessive, monthly payment schedule of twenty-seven thousand, two hundred thirty-seven dollars and seventy-eight cents ($27, 237.78). This order jeopardizes Mr. Martinez' liberty in a free society, even when complying with all other conditions of supervised release. See <u>United States v. Calbat</u>, 266 F. 3d 358 (5th Cir. 2001) and Article VIII, United States Constitution.

<u>Manuel Alberto Martinez v. United States</u>　　　　　　　　　　CA B-01-199
Objection to Magistrates Report and　　　　　　　　　　　　　　CR B-98-394
Recommendation Regarding Request for
Certificate of Appealability
Page 3

The Fifth Circuit ruled in <u>Calbat</u>, supra at 366, that the "...district court abused its discretion in setting the payment schedule for the restitution order," because it failed to consider a mandatory factor, specifically financial resources and other assets of the defendant, projected earnings and other income of the defendant, including obligations to dependents. 18 USC Section 3664(f)(2)[1]

5. Mr. Martinez has advised that he has already been informed by the Probation Office that he is in non-compliance of the restitution order. This does constitute a violation of his conditions of supervised release. Therefore his ability to continue to live as a free man is jeopardized, solely because of his lack of financial resources. The Constitution was meant to prevent such a situation from occurring. Article VIII, United States Constitution.

6. The Court in <u>Calbat</u>, supra at 366, held as follows:

> Absent a large windfall, Calbat will not be able to pay the full amount of restitution within the time ordered by the district court. This unrealistic payment schedule is particularly troubling in light of the fact that payment of restitution is one of the conditions of Calbat's supervised release. Calbat could thus be sent

---

[1] <u>See</u> Response to Government's Answer..., pages 4 and 5; Objections to Magistrate's Report and Recommendation, page 2; Motion Requesting Certificate of Appealability page 2,

<u>Manuel Alberto Martinez v. United States</u>　　　　　　　　　　CA B-01-199
Objection to Magistrates Report and　　　　　　　　　　　　　　　CR B-98-394
Recommendation Regarding Request for
Certificate of Appealability
Page 4

　　　　　back to prison for failure to make restitution payments
　　　　　in a timely manner. Under these circumstances we
　　　　　conclude that the district court abused its discretion in
　　　　　setting the payment schedule for the restitution order.

7. Mr. Martinez stands in the same position as <u>Calbat</u>. Payment as per the court imposed schedule represents an impossibility.

8. Mr. Martinez contends that he meets the criteria for a certificate of appealability, as per Title 28, <u>United States Code</u>, Section 2253.

WHEREFORE, premises considered, petitioner requests that the request for a Certificate of Appealability be granted.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Jeanette Mercado – 5811
　　　　　　　　　　　　　　　　　　　Attorney for Petitioner
　　　　　　　　　　　　　　　　　　　P.O. Box 532541
　　　　　　　　　　　　　　　　　　　Harlingen, Texas 78553
　　　　　　　　　　　　　　　　　　　(956) 245-6565
　　　　　　　　　　　　　　　　　　　Texas Bar No. 13942900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the preceding "Objections to Magistrate's Report and Recommendation Regarding Request for Certificate of Appealability" has been served by delivering same to AUSA Mark Dowd, on today's date, November 8, 2002 at 600 East Harrsion, 2nd Floor, Brownsville, Texas.

　　　　　　　　　　　　　　　　　　　Jeanette Mercado

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL ALBERTO MARTINEZ,<br>Petitioner-Defendant<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent-Plaintiff | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)( | CA B-01-199<br>(CR B-98-394-01) |

**ORDER**

On _____, 2002, came on to be considered Petitioner Martinez' "Motion Requesting Certificate of Appealability."

Petitioner's request is HEREBY GRANTED.

IT IS ORDERED that a CERTIFICATE OF APPEALBILITY is hereby granted, specifically as to the issue of ineffective assistance of counsel.

SO ORDERED, this \_\_\_ day of \_\_\_\_\_ 2002 at Brownsville, Texas.

_____
JUDGE PRESIDING